File Name: 10a0002n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 09-1393

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LORENZO RODNEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| RAY LAHOOD, SECRETARY, U.S. | ) | |
| D E P A R T M E N T  O F | ) | **O P I N I O N** |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

Before:  KENNEDY, MOORE, and WHITE, Circuit Judges.

**WHITE, Circuit Judge**.  Plaintiff Lorenzo Rodney (Rodney) filed suit under Title VII, 42

U.S.C. § 2000e *et seq.*, alleging race discrimination in employment.  The district court dismissed his

action as untimely, based on two filing periods that follow the administrative review process.  We

affirm.

**I**.

Rodney inspected aircraft for the Federal Aviation Administration (FAA) in Belleville,

Michigan.  His first amended complaint alleged that the FAA (a component of the Department of

Transportation) discriminated against him based on his race by not ensuring that he had job duties

sufficient to maintain his pay grade.  Effective June 26, 2005, after one of the aircraft he maintained

was removed from service, Rodney's grade level was lowered from FG-14 to FG-13 and he was

placed in a saved pay status. Rodney alleged that the two other inspectors on his team, both Caucasian, were similarly situated, and were given additional duties so that their pay grades would remain the same.

Procedural History

Rodney filed an Equal Employment Opportunity complaint with the DOT's EEO office on or about December 8, 2005. Rodney's complaint was initially dismissed as untimely. He appealed and the EEO reversed and remanded to the agency for further processing. By letter dated October 30, 2006, the EEO notified Rodney that the investigation of his complaint had been completed, enclosed a copy of the investigative file, and advised Rodney that he could either request a hearing before an administrative judge of the EEOC within 30 days, request a final decision, or withdraw his complaint. On November 30, 2006, Rodney requested a hearing before an EEOC administrative judge.

On February 8, 2007, the administrative judge dismissed Rodney's request for a hearing, concluding that Rodney's was a "mixed case[1]" over which the Merit Systems Protection Board (MSPB) had jurisdiction initially to conduct a hearing. Rodney filed an appeal with the MSPB on February 9, 2007.

---

[1]"A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race ... related to or stemming from an action [such as a reduction in pay grade] that can be appealed to the [MSPB]." 29 C.F.R. 1614.302(a)(1). "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race . . ." 29 C.F.R. 1614.302(a)(2). A mixed case *complaint* is initiated through the EEO office of a federal agency, and a mixed case *appeal* is commenced before the MSPB. *See* 29 C.F.R. 1614.302(b).

In a final agency decision issued on June 13, 2007, while the MSPB claim was still pending, the DOT's EEO office found no discrimination. That decision informed Rodney of his rights of appeal, specifically, that he could appeal to the EEOC Office of Federal Operations (OFO) within 30 calendar days of receipt of the final decision, or file a civil action within 90 days of receipt of the final decision (or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC).

Approximately five weeks later, on July 23, 2007, Rodney filed a motion to dismiss his appeal before the MSPB without prejudice, asserting that he "is in the process of moving from one state to another for his new job and therefore unable to adequately provide any substantive pleadings or responses in this appeal." The agency did not object, and the MSPB dismissed his appeal without prejudice on July 24, 2007.

Rodney's new (and current) counsel filed an MSPB appeal on September 25, 2007. The MSPB determined that, due to a change in the law, it lacked jurisdiction to review Rodney's grade reclassification appeal and thus could not review Rodney's race discrimination claim.[2] Rodney appealed that decision to the EEOC OFO, which denied consideration on or about March 8, 2008.

The EEOC OFO reissued its denial of consideration on June 6, 2008, stating that the reissuance was "due to a clerical error," and that "the date on the attached Certificate of Mailing [June 6, 2008] will govern any time frames related to your receipt of the decision." The reissued denial of consideration referred the matter to the agency for further processing as a "non-mixed"

_____

[2]The MSPB noted that the agency had issued a final decision on June 13, 2007 on Rodney's discrimination complaint.

3

matter pursuant to 29 C.F.R. 1614.302.[3]  The Denial of Consideration set forth Rodney's right to seek enforcement of its order, or to file a civil action in federal district court within 30 days of receipt of the decision[4]:

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision . . . .

Emphasis in original.  Rodney filed suit on September 3, 2008, approximately 89 days after the EEOC OFO reissued its denial of consideration on June 6.  The district court dismissed the complaint as untimely, and Rodney appealed.

## II.

A motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief."  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).  A court considering a 12(b)(6) motion may consider materials in addition to the complaint if such are public records or otherwise appropriate for the taking of judicial notice. *Id.*  The district court's determination that Rodney's complaint was filed outside the applicable

---

[3]The initial EEOC OFO denial of consideration of March 8, 2008 also referred the matter to the agency.

[4]The initial EEOC OFO denial of consideration also set forth this provision.

4

statutes of limitations is a conclusion of law this court reviews de novo. *Kelly v. Burks*, 415 F.3d 558, 560 (6th Cir. 2005).

In a Title VII case, a federal employee has 90 days from receipt of a final agency decision to file suit in district court. 42 U.S.C. § 2000e-16(c). The DOT's final agency decision was sent to Rodney on June 13, 2007, thus Rodney presumptively received it on June 18, 2007. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (noting that this Circuit presumes that notice is *given*, and hence the ninety-day limitations period begins running, on the fifth day following the EEOC's mailing). Rodney filed suit more than a year later, on September 3, 2008.

As to the MSPB administrative proceedings, since Rodney appealed the MSPB decision to the EEOC OFO, the limitations period for a decision from the EEOC OFO applies – Rodney had 30 days from the receipt of the EEOC OFO decision (June 11, 2008), i.e., until July 11, 2008, to file a civil action in federal district court. *See* 5 U.S.C. § 7702(a)(3)(B); 29 C.F.R. §1614.310(c).

Rodney asserts that the DOT failed to comply with the EEOC OFO's June 6, 2008 order, which directed that the agency continue processing the matter administratively by issuing a copy of the investigative file and informing Rodney of the right to a hearing before an EEOC administrative law judge. This claim fails because, as the district court noted, the agency had already issued a final decision on June 13, 2007[5], and, to the extent Rodney believed that the agency did not comply with the EEOC OFO's order, the order itself provided him with options for pursuing enforcement.

---

[5]The agency had mailed Rodney a copy of the investigative file with its report of investigation dated October 30, 2006.

Moreover, Rodney points to no authority suggesting that any such agency failure would extend the applicable time limit.

**III.**

On appeal, Rodney raises for the first time an argument regarding his former counsel's advice. He asserts that his former counsel gave him incorrect information regarding his rights, and that he has shown good cause and should be granted relief from the order of dismissal:

> Appellant's prior counsel mis-informed him as to when he could bring a civil action in federal court. The final agency decision was issued on June 13, 2007, and appellant could have filed his civil action within 90 days of that date. Appellant's prior counsel after the June 13, 2007 final decision, informed him and his new counsel[6] that he had to pursue an appeal with the Merit System [*sic*] Protection Board which was not true. Instead of appealing the final agency decision to the MSPB, Appellant could have filed his civil action in federal court.

Rodney attached to his appellate brief an email message from his former counsel dated August 10, 2007, which was not presented to the district court and is thus not properly before us. In any event, the email does not support Rodney's claim. Former counsel stated therein that pursuant to conversations with Rodney, her representation was ending on that day, and she reminded Rodney to refile his MSPB appeal within 60 days of July 24, 2007, and to notify her immediately when he secured new counsel so she could forward the file. The email does not address whether Rodney could file suit in federal court.

Further, Rodney's claim for relief based on his former counsel's failure to advise him that he could have filed a civil action within 90 days of the DOT's June 13, 2007 final agency decision

---

[6]It is unclear when new counsel was retained, but the record does not explain why new counsel would rely on former counsel's assessment of the time limitations.

fails because the DOT's cover letter of that date (addressed to both Rodney and his counsel) stated that "Within 90 calendar days of your receipt of this final decision . . . you may file a civil action in an appropriate U.S. District Court."

Rodney also asks that this court suspend its rules under Fed. R. App. P. 2[7], so he may file in the district court a motion for relief from judgment under Fed. R. Civ. P. 60, under which a movant must demonstrate the existence of mistake, inadvertence, surprise, or excusable neglect and that he has a meritorious defense. Rodney did not move the district court for such relief and does not specify on appeal which ground he would advance, but presumably it is excusable neglect.

We decline to address this issue, as it was not presented to the district court, *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002); *see also Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996) ("issues not squarely presented to the trial court are considered waived"), except to observe that any such argument is undermined by the notice in the EEOC OFO's denial of consideration, quoted *supra*, which advised Rodney that he had 30 days from receipt of the decision to file a civil action in federal court.

For the reasons discussed, we AFFIRM the district court's dismissal of Rodney's suit under Fed. R. Civ. P. 12(b)(6).

---

[7]Fed. R. App. P. 2 provides:

> On its own or a party's motion, a court of appeals may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b).

The Sixth Circuit has an analogous rule. *See* 6 Cir. R. 2.